# IN THE STATE COURT OF FORSYTH COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**25SC-0764-A**
**Judge James A Dunn**
**MAR 10, 2025 09:40 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

CIVIL ACTION NUMBER 25SC-0764-A

Shamburger , Shanitra

**PLAINTIFF**

**VS.**

Walmart Inc.

**DEFENDANT**

## SUMMONS

TO: WALMART INC.

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**Randy Fry**

**Fry | Goehring Law Firm**
**1718 Peachtree Street NW**
**Suite 990**
**Atlanta, Georgia 30309**
**randy@frygoehring.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 10th day of March, 2025.**

Clerk of State Court

Greg G. Allen, Clerk
Forsyth County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**25SC-0764-A**
Judge James A Dunn
MAR 10, 2025 09:40 AM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| SHANITRA SHAMBURGER<br><br>Plaintiff,<br><br>vs.<br>WALMART, INC., ABC CORPORATIONS 1-3, and JOHN DOES 1-3<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. ____________________<br><br>(SERVED WITH DISCOVERY)<br><br>(JURY TRIAL DEMANDED) |

## <u>COMPLAINT</u>

**COMES NOW**, Plaintiff Shanitra Shamburger (hereinafter referred to as "Plaintiff Shamburger"), in the above-styled action, by and through undersigned counsel, and files this complaint against Defendants Walmart, Inc., (hereinafter referred to as "Defendant Walmart"), ABC Corporations 1-3, and John Does 1-3, showing this Honorable Court as follows:

## <u>PARTIES, JURISDICTION AND VENUE</u>

1.

Plaintiff resides at , and is subject to the jurisdiction of this court.

2.

Defendant Walmart, Inc., is a Foreign Profit Corporation existing under the laws of Delaware with its principal place of business in 702 SW 8th ST, Bentonville, AR, 72716 and may be served through its registered agent The Corporation Company (FL) at 410 Peachtree Parkway Suite 4245, Cumming, Georgia 30041. Jurisdiction and venue are appropriate in this Court as to Defendant Walmart.

3.

Should it be determined that another corporation, entity, or individual owned or was responsible for the premises involved in the April 7th, 2023 incident resulting in injuries to Plaintiff at the time of said incident and/or owned, occupied, or otherwise had responsibility for the property located at 4725 Ashford Dunwoody Road, Dunwoody GA 30338, where the April 7th 2023 incident occurred, Plaintiff hereby names Defendant ABC CORPORATIONS 1-3 and Defendant JOHN DOES 1-3.

## NATURE OF ACTION

4.

This Complaint is brought to recover for personal injuries sustained by Plaintiff after Plaintiff was injured on a hazardous condition resulting from Defendant Walmart's negligence in failing to maintain their premises in a safe manner.

## FACTUAL BACKGROUND

5.

On April 7th, 2023, Plaintiff was an invitee at the Walmart store located at 4725 Ashford Dunwoody Road, Dunwoody GA 30338, hereinafter referred to as the "Subject Premises".

6.

While Plaintiff was walking through the store when she suddenly and unexpectedly slipped on a hazardous substance that appeared to be a laundry detergent substance, sustaining injuries as a result.

7.

There were no cones or other warning signs in the area where the hazardous condition was located at the time of the incident.

8.

Plaintiff sustained serious physical injuries due to the negligence of Defendant Walmart.

**COUNT I – NEGLIGENCE**

9.

Plaintiff repeats, re-alleges, and re-avers each and every allegation set forth in the paragraphs above as if fully set forth herein.

10.

At all times relevant, Plaintiff was an invitee on the Subject Premises.

11.

At all times relevant, Defendant Walmart owed Plaintiff a non-delegable duty to exercise ordinary care in keeping the premises and approaches of the Subject Premises safe and free of harm for residents, including Plaintiff.

12.

At all relevant times, there were no markers nor warning signs alerting patrons and/or pedestrians, including Plaintiff, of the hazardous condition the hazard on the floor presented on the Subject Premises.

13.

Defendant Walmart had exclusive ownership, possession and control over the maintenance of the Subject Premises at all times relevant to this litigation.

14.

On the date of the subject incident, Defendant Walmart breached their duty of ordinary care. Defendant Walmart's negligent acts and/or omissions include, but are not limited to:

(a) failing to exercise ordinary care in keeping the premises and approaches safe;

(b) failing to develop and/or follow adequate policies and procedures to inspect the premises of the subject area for hazardous conditions;

(c) failing to remove or repair hazardous conditions or properly warn residents of the hazardous conditions despite having superior actual or constructive knowledge of the hazardous condition;

(d) failing to exercise good judgment regarding the implementation of measures to keep patrons safe.

15.

At all times relevant, Plaintiff was exercising ordinary care for her own safety.

16.

Defendant Walmart was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazardous condition, in failing to take adequate measures to protect residents from the hazard and in failing to keep the premises safe for residents.

17.

Defendant knew or should have known that *the substance(s) on the floor* posed a danger to invitees on the premises and should have been cleaned or warned invitees about *the hazard on the floor*.

18.

Plaintiff did not know and could not reasonably have learned of the danger posed by *hazardous substance* on the Subject Premises.

19.

Defendant Walmart's negligence was the proximate cause of Plaintiff's injuries and damages detailed below.

20.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where plaintiff fell were employed by Defendant Walmart and were acting within the scope of their employment with Defendant Walmart.

21.

Defendant Walmart is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

22.

Defendant Walmart was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

23.

Defendant Walmart was negligent in training and supervising its staff.

**DAMAGES**

24.

Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

25.

As a direct and proximate result of Defendant Walmart's negligence, Plaintiff has incurred special damages which include but may not be limited to medical expenses, mileage, lost wages, and other miscellaneous expenses. Specifically, Plaintiff has incurred approximately $41,592.71 in medical expenses to date and will supplement as necessary.

26.

As a direct and proximate result of Defendant Walmart's negligence, Plaintiff suffered general damages, including pain and suffering, and loss of enjoyment of life.

27.

Plaintiff is entitled to request the expenses of litigation in that the actions on the part of Defendant Walmart, as herein described, show that Defendant Walmart, as well as their agents, have acted in bad faith in the transactions and dealings surrounding the incident described herein. Defendant Walmart and his agents have been stubbornly litigious and have caused Plaintiff unnecessary expense so as to entitle Plaintiff to the expenses of litigation and attorney's fees as provided by O.C.G.A. § 13-6-11. Defendant Walmart and their agents have acted in bad faith and have forced Plaintiff to file this civil action in order to receive compensation for Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff prays that this Court award the following relief against Defendant(s):

(A) That process be issued;
(B) That reasonable damages be granted to Plaintiff and against Defendant(s) for past, present and future general and special damages;
(C) That all costs of this action be cast against Defendant(s);
(D) That Plaintiff be awarded expenses of litigation; and
(E) Such further relief as the Court deems just and proper.

Respectfully submitted this 10th day of March, 2025.

FRY | GOEHRING Law Firm
1718 Peachtree Street, NW
Suite 990
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
randy@frygoehring.com
jeff@frygoehring.com

/s/ Jeffrey James
JEFFREY JAMES
State Bar of Georgia #860891
RANDAL E. FRY
State Bar of Georgia #278799
Attorneys for Plaintiff

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**25SC-0764-A**
Judge James A Dunn
MAR 10, 2025 09:40 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| SHANITRA SHAMBURGER<br><br>Plaintiff,<br><br>**v.**<br><br>WALMART INC., ABC CORPORATION 1-3, and JOHN DOES 1-3<br><br>Defendant. | CIVIL ACTION FILE<br>NO. |

## RULE 5.2 CERTIFICATION OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I am causing Plaintiff's First Request for Admissions, Continuing Interrogatories and Request for Production of Documents to Defendant Walmart Inc., to be personally served on the following parties with the Summons and Complaint:

**Walmart Inc.**
**The Corporation Company – Registered agent**
**410 Peachtree Parkway**
**Suite 4245**
**Cumming, Georgia 30041**

Respectfully submitted this 10th day of March 2025.

*/s/ Jeffrey James*
**JEFFREY JAMES**
**State Bar of Georgia #860891**
**RANDAL E. FRY**
**State Bar of Georgia #278799**
**Attorneys for Plaintiff**

FRY | GOEHRING Law Firm
1718 Peachtree Street, NW
Suite 990
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
randy@frygoehring.com
jeff@frygpehring.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**25SC-0764-A**
Judge James A Dunn
MAR 10, 2025 09:40 AM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| SHANITRA SHAMBURGER<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC., ABC CORPORATION 1-3, and JOHN DOES 1-3<br><br>Defendant. | CIVIL ACTION FILE<br>NO.<br><br>(SERVED WITH COMPLAINT) |

**PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART INC.**

## I. INTRODUCTION

Pursuant to O.C.G.A. § 9-11-33, you are requested and instructed to answer the following Admissions and Interrogatories, separately and fully in writing under oath, and to serve your answer upon counsel for Plaintiff, Randal E. Fry, Esq., Fry | Goehring Law Firm, 1718 Peachtree Street, NW, Suite 990, Atlanta, GA 30309, (404) 969-1284, within forty-five (45) days after service pursuant to O.C.G.A. § 9-11-33.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony. Furthermore, you are under a continuing duty seasonably to amend a prior response if you obtain information upon the basis of which you know that the response was

incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses. O.C.G.A. § 9-11-26(e) as amended.

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply. If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided. If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## II. INSTRUCTIONS

Objections Based on Privilege. In the event that any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(a) The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

(b) The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c) The type of privilege claimed;

(d) A statement of the circumstances which bear on whether or not the claim or privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;

(e) The number of each specific document request to which the withheld document is responsive; and

(f) If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

Documents No Longer in Possession. If any document within the scope of a document request was at one time in existence and under Defendant's possession, custody, or control, but has been lost, discarded, or destroyed, or has been removed from Defendant's possession, custody, or control, then with respect to each such document:

(a) Identify and describe such document by date, title, and type of document;

(b) State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

(c) State when such document was transferred or destroyed, identify the person who transferred or destroyed such document, the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction, and state the reason such document was transferred or destroyed; and

(d) Identify all persons having knowledge of the contents thereof.

Organization of Documents. All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive.

## III. DEFINITIONS

When used herein, the term "identify" when used in connection with individuals, means to provide the individual's name, last known address, and current telephone number, if known. "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now. If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group. If the documents have been previously identified fully, it may be identified by name in subsequent responses.

2. When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant or Defendants in this action.

3. When used herein, "Plaintiff" refers to the Plaintiff(s) in this action.

4. As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant(s) or of which Defendant(s) has knowledge, including, without limitation: correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody, or control of Defendant(s), and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

5. As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

6. As used herein, "date" shall mean the exact date, month, and year, if ascertainable,

or if not, the best available approximation (including relationship to other events).

7. As used herein, "identify" or "specify," when used in reference to:

(a) a person who is an individual, means to state his full name, present or last known residence address (designating which) and present and last known business or government affiliation (designating which) job title, employment address, business, and residence telephone numbers (designating which);

(b) in the case of a document, the title (if any), the date, author, sender, recipient, the identity of the person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location;

(c) in the case of an oral communication, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto; in the case of a document within the possession, custody, control, or access of Defendant(s), whether Defendant(s) will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody, or control of Defendant(s), what disposition was made of it, and why.

8. Time -- unless otherwise indicated, each Interrogatory is limited to the period from the date of the incident, through and including the date of your answer hereto.

9. When the identification of documents is requested by these Interrogatories, Defendant(s) may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to designate the paragraph of the Interrogatory to which the document is responsive.

## IV. REQUESTS FOR ADMISSIONS

1.

You have been correctly named in the present cause insofar as the legal designation of your name is concerned.

2.

You have been properly served as a party Defendant.

3.

Service of process is sufficient with regard to you in this case.

4.

The State Court of Forsyth County has jurisdiction over the subject matter of this case.

5.

The State Court of Forsyth County has personal jurisdiction over you as a party Defendant in this case.

6.

Venue is proper in the State Court of Forsyth County.

7.

The Complaint states a claim upon which relief can be granted.

8.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

9.

On April 7, 2023, Defendant(s) owned the premises located at 4725 Ashford Dunwoody Road, Dunwoody, Georgia 30338. (the "Property").

10.

On April 7, 2023, Defendant(s) operated the Property.

11.

On April 7, 2023, Defendant(s) managed the Property.

12.

On April 7, 2023, Defendant(s) was/were responsible for inspecting and/or maintaining the condition of the common areas at the Property.

13.

Admit that Defendant(s) hired no other company, person or business to assist with the training of its employees located at the Property.

14.

Admit that Defendant(s) had a duty to properly train its/their employees at all applicable times.

15.

Admit that Defendant(s) had a duty to properly supervise its/their employees at all applicable times.

17.

Admit that pursuant to the doctrine of Respondent Superior, Defendant(s) is/are responsible for the negligent acts of its/their employees at all applicable times.

18.

Admit that Plaintiff was injured as a result of slipping on an hazardous substance on the floor, that appeared to be laundry detergent.

19.

On April 7, 2023, Plaintiff was an invitee at the Property.

20.

On April 7, 2023, Defendant(s) had a duty to ensure the Property was safe from hazards for its/their residents and invitees.

21.

On April 7, 2023, Defendant(s) breached its/their duty to Plaintiff to ensure the Property was safe from hazards for its/their residents and invitees.

22.

On April 7, 2023, guests of the Property, including but not limited to the Plaintiff, were not given any warning that a hazardous condition existed.

23.

You have no knowledge of the extent of injuries sustained by Plaintiff in this case.

## V. INTERROGATORIES

1.

Identify each and every person including job title and present employer, with the exception of counsel, who provided any answers, or assisted in providing any answers, to Plaintiff's First Interrogatories to Defendant.

2.

Identify the Manager working at the Property on or about April 7, 2023 at the time of the incident which is the subject matter of this Complaint.

3.

Identify the Assistant Manager working at the Property on or about April 7, 2023at the

time of the incident which is the subject matter of this Complaint.

4.

Identify all other employees working at the time of the incident, specifically identifying those working near where the Plaintiff slipped who could have observed Plaintiff's fall which is the subject matter of the litigation, at the Property on or about April 7, 2023.

5.

Identify the individual(s) or entity(ies) responsible for maintaining the floors at the Property on or about April 7, 2023.

6.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a) Was an eyewitness to the incident complained of in this action;

(b) Has some knowledge of any fact or circumstance upon which your defense is based;

(c) Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

7.

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing to you, your attorney, your insurance carrier, or anyone else to your knowledge concerning in any way the facts and circumstances of the incident which is the subject matter of this litigation, listing for each statement the date of same and to whom the statement was given.

8.

Identify the individual or individuals Defendant knows possess or purport to possess the most knowledge regarding Plaintiff's claim.

9.

Identify all persons Defendant expects to call as an expert witness at the trial of this case, and for each such individual so identified provide that information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

10.

State in detail how Defendant contends the incident which forms the basis for Plaintiff's claims occurred, including but not limited to a listing of each person and circumstance Defendant believes to have caused, or contributed to causing, the subject occurrence.

11.

List each act of negligence, contributory, comparative or otherwise, you contend Plaintiff or any other person or entity did or failed to do which contributed in any way to the incident upon which Plaintiff's claims are based and Plaintiff's injury.

12.

Identify all training that a Defendant's associate or employee receives with respect to inspecting and maintaining the floors, specifically at the Property, on April 7, 2023.

13.

Identify any changes in procedures, policies, practices, rules or regulations that were implemented or made at either the Property as a result of the April 7, 2023incident which caused Plaintiff's injuries.

14.

Pursuant to O.C.G.A. § 9-11-26(b)(2), identify all insurance agreements, including any umbrella and/or excess coverage, upon which Defendant may rely to satisfy part or all of any judgment which may be entered against Defendant or which may be used to indemnify or

reimburse Defendant for any payment(s) to satisfy any such judgment(s).

15.

Identify all security cameras located at the Property, the location of such cameras, whether such cameras were operative on April 7, 2023, and whether any camera videotaped the incident described in Plaintiff's Complaint.

16.

Does Defendant contend any person or entity other than Defendant or its employees is, or may be, liable in whole or in part for the claims asserted against Defendant in this lawsuit? If your answer is anything other than an unqualified "no", state the full name and address of each such person or entity, the legal basis for Defendant's contention, the facts or evidence upon which said contention is based, and whether Defendant has notified each such person or entity of said contention.

17.

Describe what steps or procedures Defendant uses to warn patrons such as the Plaintiff of the risk of injury from slippery substances on the floor.

18.

Furnish a detailed factual basis for each defense and/or counterclaim asserted in Defendant's Answer to Plaintiff's Complaint.

19.

State all facts upon which Defendant relied to deny Plaintiff's Complaint.

20.

Do you contend that the plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

21.

Identify all members of, and documents generated by, Defendant's Safety Team, Safety Loss Prevention Committee, Risk Control and Safety Committee and/or Accident Review Board, Identify all members of, and documents generated by, Defendant's Safety Team, Safety Loss Prevention Committee, Risk Control and Safety Committee and/or Accident Review Board, or Defendant's equivalents thereto, with respect to the subject incident.

22.

Have there been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident? If so, please state:

(a) Date of incident;

(b) Name, address and telephone number of injured person;

(c) Description of incident.

23.

Did Defendant, its agents, representative, employees or anyone acting on Defendant behalf conduct an investigation of the subject incident? If the answer is anything other than an unqualified "no", identify all agents, representatives, employees or anyone acting on Defendant's behalf who conducted or participated in any portion of the inspection and state whether any written report or summary was generated.

24.

Identify all procedures, policies, practices, requirements, rules or regulations with respect to preventing patrons from slipping on substances on the floor which were in effect at the Property on April 7, 2023.

25.

With respect to any procedure, policy, practice, requirement, rule or regulation identified in Defendant's answer to Plaintiff's Interrogatory No. 25, state whether any such procedure, policy, practice, requirement, rule or regulation was based upon, or otherwise took into account, any federal, state, county, city or local statute, regulation or law.

## VI. REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please provide any document or thing that was used or referenced in responding to the Interrogatories listed above.

2.

Please provide copies of any reports that were done in connection with this incident, including the incident report done at the store location where the incident occurred.

3.

Please provide originals or color copies of all photographs of the Property where the incident occurred on April 7, 2023.

4.

Please provide copies of any statements obtained from the Plaintiff.

5.

Please provide copies of any statements obtained from any witnesses.

6.

Please provide copies of any video surveillance that was recorded one hour prior to the incident through one hour after the incident.

7.

Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant produce all information and documents produced in the above-styled action in response to any and all of Defendant's Non-Party Request for Production of Documents.

Respectfully submitted this 10th day of March, 2025.

*/s/ Jeffrey James*
**JEFFREY JAMES**
**State Bar of Georgia #860891**
**RANDAL E. FRY**
**State Bar of Georgia #278799**
**Attorneys for Plaintiff**

FRY | GOEHRING Law Firm
1718 Peachtree Street, NW
Suite 990
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
randy@frygoehring.com
jeff@frygoehring.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SHANITRA SHAMBURGER,

Plaintiff,

v.

WALMART, INC.,
ABC CORPORATIONS 1-3,
AND JOHN DOES 1-3

Defendants.

Civil Action File No.
25SC-0764-A

______________________________________/

ANSWER OF DEFENDANT WALMART, INC.

COMES NOW, Defendant WALMART, INC. and makes this Answer to Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

SIXTH DEFENSE

Plaintiff’s claims for attorney’s fees should be dismissed as a matter of law.

SEVENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint. Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint, as stated. Defendant further denies a "hazardous condition".

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant repeats, realleges and re-avers each and every answer set forth in the paragraphs above as if fully set forth herein.

10.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint, as stated. The applicable statute and case law speak for themselves and has been omitted.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint, as stated.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint, as stated.

14.

Defendant denies the allegations contained in paragraphs 14 of the Plaintiff’s Complaint, including subparagraphs (a), (b), (c), (d) and (e) thereof.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendant realleges all preceding paragraphs of the Answer as if fully set forth herein.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendant denies the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

29.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (A), (B), (C), (D), and (E) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendant
WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WALMART, INC. has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the 11th day of April, 2025.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendant
WALMART INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SHANITRA SHAMBURGER,

Plaintiff,

v.

WALMART, INC.,
ABC CORPORATIONS 1-3,
AND JOHN DOES 1-3,

Defendants.

______________________________/

Civil Action File No.
25SC-0764-A

**12-PERSON JURY DEMAND**

COMES NOW Defendant, WALMART, INC. and demands a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendant
WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the 11th day of April, 2025.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendant
WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com